UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 98-317(DSD/JMM)
Civil No. 05-141(DSD)

United States of America,

       Plaintiff,

v.                                          **ORDER**

Royal Terrell Arrington,

       Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies defendant's motion.

**BACKGROUND**

On March 18, 1999, defendant pleaded guilty to a one-count indictment charging that he was a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) & 924(a)(2). Defendant's plea consummated a plea agreement which anticipated a sentencing guideline range of 37 to 46 months. In the agreement, defendant reserved the right to withdraw his plea if the court were to impose a sentence in excess of 37 months.

At sentencing on June 9, 1999, the court calculated a base offense level of 20 and applied a two-level enhancement under specific offense characteristics for a stolen firearm. The court

also applied an upward adjustment for reckless endangerment during flight and a three-level downward adjustment for acceptance of responsibility. Those calculations resulted in a sentencing range of 57 to 71 months. The court sentenced defendant to 57 months, and defendant withdrew his guilty plea.

Defendant was adjudged guilty following a jury trial, and the court denied his motions for judgment of acquittal and new trial. At sentencing on August 26, 1999, the court made guideline calculations identical to those it had made previously, except that it did not apply the three-level reduction for acceptance of responsibility. The court's calculations resulted in a sentencing range of 77 to 99 months, and the court sentenced defendant to 77 months imprisonment.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. That court affirmed defendant's conviction, but remanded for factual findings regarding the stolen firearm specific offense characteristic and resentencing. See United States v. Arrington, 215 F.3d 855 (8th Cir. 2000). At resentencing, the court found no factual basis to support the offense characteristic, resulting in a new sentencing range of 63 to 78 months. The court sentenced defendant to 77 months. Defendant again appealed, and the Eighth Circuit affirmed. United States v. Arrington, 255 F.3d 637 (8th Cir. 2001). The Supreme Court of the United States denied certiorari. Arrington v.

United States, 534 U.S. 1049 (2001). Defendant now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

**I. Standards Governing Motions Pursuant to 28 U.S.C. § 2255**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court.[1] See United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief is considered an extraordinary remedy. See Bousley v. United States, 523 U.S. 614, 621 (1998).

**I. Blakely v. Washington**

Defendant claims that the decision of the Supreme Court of the United States in Blakely v. Washington, 124 S. Ct. 2531 (2004), renders his sentence subject to collateral attack. In Blakely, the Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466

---

[1] The statute states, in relevant part, that:
[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255.

3

(2000). In <u>Apprendi</u>, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In <u>Blakely</u>, the Court held that the relevant "statutory maximum" is that which a judge may legally impose "solely on the basis of facts reflected in the jury verdict or admitted by the defendant." <u>Id.</u> at 2537 (citing <u>Ring v. Arizona</u>, 536 U.S. 584, 602 (2002)). The Court held that the State of Washington's sentencing scheme, which allowed imposition of a sentence above the range specified by guidelines on the basis of facts found by a judge, violated the Sixth Amendment right to trial by jury. <u>See</u> <u>id.</u> at 2538.

Defendant's <u>Blakely</u> claim fails because <u>Blakely</u> does not apply retroactively to matters on collateral review. New constitutional rules of criminal procedure are generally not applicable to cases on collateral review. <u>See</u> <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2522-23 (2004). Only "watershed" procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final. <u>See</u> <u>id.</u> at 2523. A watershed procedural rule is one "without which the likelihood of an accurate conviction is seriously diminished." <u>Teague v. Lane</u>, 489 U.S. 288, 313 (1989).

In <u>Summerlin</u>, the Court considered whether the rule announced in <u>Ring</u> applied retroactively. <u>See</u> <u>Summerlin</u>, 124 S. Ct. at 2526.

4

Like <u>Blakely</u>, <u>Ring</u> applied <u>Apprendi</u> to a state's sentencing procedures. <u>See</u> <u>Ring</u>, 536 U.S. at 603-09. In <u>Ring</u>, the Court concluded that where Arizona law permitted the death penalty given certain aggravating factors, such factors must be found by a jury, not a judge. <u>See</u> <u>id.</u> at 609. The United States Court of Appeals for the Ninth Circuit later applied <u>Ring</u> retroactively. <u>See</u> <u>Summerlin v. Stewart</u>, 341 F.3d 1082, 1121 (9th Cir. 2003). The circuit court concluded that <u>Ring</u> had announced a substantive, rather than a procedural, rule or, alternatively, a watershed procedural rule. <u>See</u> <u>id.</u> at 1108, 1120.

On review, the Supreme Court disagreed, holding that <u>Ring</u> was not a substantive rule because it did not alter the range of conduct subject to Arizona's death penalty. <u>See</u> <u>Summerlin</u>, 124 S. Ct. at 2523. It further held that <u>Ring</u> was not a watershed rule because it is not clear that judicial fact-finding "so *seriously* diminishe[s] accuracy as to produce an impermissibly large risk of injustice." <u>Id.</u> at 2535 (emphasis in original) (internal quotation marks omitted). Therefore, <u>Ring</u> does not have retroactive effect. <u>See</u> <u>id.</u> at 2536. By that reasoning, <u>Apprendi</u> is not a watershed rule either.[2] It follows, then, that <u>Blakely</u> is also procedural,

---

[2] <u>Compare</u> <u>United States v. Moss</u>, 252 F.3d 993, 996 (8th Cir. 2001) (holding that <u>Apprendi</u> does not apply to initial § 2255 motions because it is not a watershed rule), <u>with</u> <u>Rodgers v. United States</u>, 229 F.3d 704, 705-06 (8th Cir. 2000) (holding that <u>Apprendi</u> does not apply retroactively to second or successive § 2255 motions unless Supreme Court first so holds).

rather than substantive, and that it is not a watershed rule. Therefore, Blakely has no retroactive effect, and defendant's motion for collateral relief cannot be grounded upon it.[3]  As defendant's Blakely claim is his only claim for relief, his motion must be denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to vacate, set aside or correct sentence [Doc. No. 72] is denied.

Dated: June 28, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[3]  The court notes that the recent decision of United States v. Booker, 125 S. Ct. 738 (2005), which merely confirms that Blakely applies in the federal sentencing context, does nothing to change the court's retroactivity analysis.